Please be seated. The clerk called the next case please. Mr. Cohut. Good afternoon, Your Honors. My name is Brian Cohut, Assistant Appellate Defender with the Office of the State Appellate Defender, and I represent Mr. Andres Elken, the defendant in this criminal case. This case concerns a defendant's right to due process at the second stage of post-conviction proceedings. Mr. Elken, assisted by counsel, filed a motion for leave to file a successive post-conviction petition. The state filed a motion in opposition to that petition. Two months later, there was a hearing on the motion for leave to file. The circuit court allowed the defendant to leave to file the successive post-conviction petition, found that the petition was not frivolous, and allowed counsel the opportunity to amend the petition and set a date for the state to file a motion to dismiss that petition. After the court allowed the motion for leave to file and advanced it to the second stage, no amended petition was filed and the state did not file a motion to dismiss it. Five years later, counsel moved to withdraw as counsel on the second stage post-conviction petition, stating that there were no arguable issues of merit. This was an oral motion. There is no indication on the record that counsel ever gave Mr. Elken any notice that he was going to move to withdraw on this case. The circuit court, without allowing Mr. Elken the opportunity to respond to counsel's motion, allowed counsel's motion to withdraw and dismissed the petition. On appeal here, Mr. Elken simply argues that he should have then provided notice of counsel's motion to withdraw and he should have then allowed an opportunity to be heard on counsel's motion. Now the state here does not contest the notice portion of the defendant's argument. Mr. Elken is only asking what this court provides to defendants on criminal appeals from post-conviction proceedings under Pennsylvania v. Finley. We provide our clients with notice, they have the opportunity to be heard, they can file a motion with this court to contest our motion, and then this court makes its decision based on that. And consequently, Mr. Elken should have been given notice, he should have been given the opportunity to be heard. And furthermore, the court erred in sua sponte dismissing the post-conviction petition without allowing Mr. Elken to proceed on the petition once counsel was allowed to withdraw. Under Greer, even if the attorney is allowed to withdraw, the defendant is still at the second stage. The defendant could still present his arguments, the state files a motion to dismiss, and then the court hears the petition based on that. Let me ask that part of it. Why would a court let the attorney withdraw? Not in this case, but generically. What would be the basis for allowing an attorney to withdraw? Because the attorney says that the petition is frivolous and patently without merit, that he can't advance the petition. Well, he's not only going to say it, but the judge has got to buy it, right? I'm sorry, Your Honor, can you repeat that? The judge has got to buy into that, right? Sure, he has to agree to it. Not unless the lawyer has said it, but that the judge agrees that there is nothing here. Agrees with the attorney what the attorney has set forth, that's correct. Which is, there's nothing to argue about here. That's correct, Your Honor. So, once the judge has made a finding that there's no merit to the post-conviction petition, what else would he do but dismiss the post-conviction? You're going to let somebody proceed on something you've already determined has no merit? Well, I understand what you're saying, but what the court is doing is allowing counsel to withdraw based on counsel's assertions in his motion. We don't know what counsel and the pro se defendant have discussed off the record. It's a little bit different in the appellate process because we try to raise issues that are there. Well, should a judge let an attorney withdraw if he hasn't determined that what the attorney said was indeed correct, that there is nothing to talk about? You know what I'm saying? In other words, shouldn't a judge first make a finding that, yes, this is a frivolous petition, that it has no merit? Then you let the lawyer withdraw, not before that. Well, there's no indication that a certain court looked at the record, looked at the court file, reviewed the transcripts, and I don't think that that's what would typically happen in this type of case. He's allowing counsel's motion to withdraw based on counsel's assertions, not based on a cold reading of the record. Without allowing the defendant the opportunity to respond personally, he doesn't know what they've talked about outside the court. So Mr. Elkins, he could have said, you know, I talked to him about five other issues that he's not even discussing here. Yeah, and I'm not necessarily talking about this particular instance here. That's what I'm saying, but should a judge allow a lawyer to withdraw just because the lawyer comes in and says there's no arguable issues here? It's frivolous. And the judge says, well, okay, you're allowed to withdraw. Is that the same? Shouldn't he first make a determination that you're right, there are no arguable issues, and therefore you're allowed to withdraw, or just on the lawyer's word? It should not be on the lawyer's word. That's precisely our point here. The defendant should have some opportunity to say. I mean, if the contention here, Your Honor, is that the court should look on its own to determine whether these issues have any merit or not, then yeah, that could be something that could be required. Wouldn't that particularly be the case where, I mean, we're at second stage. The judge has already decided that it's not frivolous and without merit. Absolutely, and he's also found that he's given him leave to file a successful post-conviction petition. Of course, when you're given leave to file, you have to show cause and prejudice. He's already found that he's shown cause and prejudice why he couldn't raise these issues already, and that the petition is not frivolous. Absolutely, Your Honor. So it would seem that there's even more reason in that situation. Yes, in Creer, which is a slightly distinguishable situation there, the circuit court, the court clerk, just didn't file the petition. It didn't bring it to the judge's attention, so it passed the 90 days, so counsel was automatically appointed. There was no finding that the petition was not frivolous in that case where the counsel was allowed to withdraw. As opposed to this case where, as you pointed out, the judge found that the petition was not frivolous. Any questions? Instead, as stated, the court summarily dismissed the petition based on counsel's assertions and allowed his motion to withdraw. With foregoing reasons, Mr. Elkin requests that this court remand the matter for a further second stage proceeding. Thank you, Mr. Cohut. Ms. Duffy? Good afternoon, Your Honors. Good afternoon. Mr. Cohut. I'm going to work backwards on what the defendant is asking for. He's asking you to remand this matter to allow the defendant the opportunity to challenge counsel's motion to withdraw. I find nowhere in any of this authority where the defendant has the right to challenge counsel's motion to withdraw under these circumstances. When counsel, basically, it's his ethical duty to file a motion to withdraw, to withdraw under these circumstances, when he finds that there's no merit to the petition. That's what Greer stands for. I agree with that, but what if, let's say the judge is familiar with the record, maybe he was a trial judge, what if? And he is thinking, you know, I think you're wrong. I think there are some issues here that deserve some more attention. Then what? Well, he did that to begin with. You'll find that in the record, counsel goes through every issue presented, plus one issue that the defendant wanted to add to his petition, amends the subsequent petition. This is a subsequent post-conviction petition. Defendant had direct appeal, he had a post-conviction petition, a 214-01 petition, a habeas corpus petition, and then he filed leave to file this. And in every issue, now there are some issues that are race judicata that were decided by this court before. Those issues are as a matter of law without merit now, but the defendant had them in his petition. What the judge says in the record is that what catches his eye is the issue on whether or not the statute that the defendant was charged with violating and he was convicted under violated truth in sentencing because he just didn't know. He can't dismiss part of the post-conviction petition. He has to take it all. So he grants leave to file the petition, appoints counsel, and then a motion to dismiss is filed by the state. The truth of the matter is, after looking through this, as defense counsel stated, he spent a lot of time trying to find some arguable issue under this truth in sentencing argument. But you can't change the facts or the law and that is that the truth in sentencing issue that was under Public Act 89-404, which ended up invalidating the manufacture of drugs, it invalidated that statute, but that's not the statute the defendant was charged under. That statute is trafficking. That statute was never involved with Public Act 89-404 under Reedy and there is no issue here. That's the only reason the judge let it go as far as he did. Is he entitled to notice of his attorney's motion to withdraw and an opportunity to respond? He was there. He was present in court. Greer doesn't say you have to give notice and we don't know that he didn't have notice. This attorney over the period of five years had many, many telephone calls which are substantiated by the record. Whenever there was an argument to be made, the defendant was brought to court. They corresponded by mail many, many times. We don't know that. Now the defendant came in after everything's all over, files a motion to reconsider. He didn't tell me that he was going to do that. Well, maybe the judge made a credibility call there. We don't know that. There's certainly not sufficient proof to warrant anything further on the issue of counsel's motion to withdraw. You asked for it to be remanded to allow a defendant the opportunity to challenge counsel's motion to withdraw. To what end? To try to force this attorney to represent him or to appoint new counsel for another? I mean, this is what I believe the end of this is. You could send it back. I don't think he's entitled to that. But the motion to withdraw, I think the evidence is there that that's what should have been done, should have been granted. Counsel was obligated to file the motion and he made a record on why each and every one of these issues was non-meritorious. That's judge's ruling number one. The second one was dismissing the petition. That's a separate order from allowing counsel to withdraw. And he dismissed it. The state had made all these arguments. The same reasons counsel gave for withdrawing his appearance, the state had argued these issues were non-meritorious. Raised judicata on several. The tooth and sentencing wasn't involved. They responded to that, filed an amended motion to dismiss. I mean, I just don't understand why an defendant wants to be heard on his petition. He has to establish why there should be an evidentiary hearing then. That's the only place for him to be heard on this petition. The petition is filed. Counsel is appointed. Leave is granted for it to be viewed as a successive petition. The only thing that's left is either to grant the state's motion to dismiss or have an evidentiary hearing. An evidentiary hearing on what? He has never suggested what issue in this morass is worthy of an evidentiary hearing. Because there aren't any. So to what end do we remand this case? If you don't have any questions of me, that's all I have. Thank you. Mr. Cohut, rebuttal. Did you start with that, answering that question? To what end? What are we going to do as a third stage? We're not asking to send it back for a third stage. We're asking for it to go back. And I would like to start out answering that question with answering a question that you asked. You asked if the court finds that there is something there, then new counsel should be appointed to represent the defendant. Well, if the petition's not dismissed, in other words, we reverse the dismissal of the petition, the next thing to do is a third stage hearing. On what? What Mr. Elkins is asking this court to do is what was done in Greer, in the appellate court in Greer, was remanded for additional second stage proceedings. And in Shortridge, which is a fourth district case, it's right on point on this. And in that case, by the way, says that the defendant should have the notice and the opportunity to be heard, as well as this court did in a case called Sherman. Was he present when this motion was presented before the court? In this case or in Shortridge? In this case. In this case he was present, but there's no indication the court gave him any opportunity to be heard. I mean, the court just gave him a lot of the motion withdrawal. What is the defendant, is he supposed to jump up and down and say, well, you know, I'm contesting this motion. I'm contesting this motion. I don't think so. What we're asking for here is to send it back for additional second stage proceedings. Renew? I know the law a little bit better than Mr. Elkins does. Well, let me ask you, in the Shortridge case you rely on, it says. I'd like to think so. In Shortridge it says that newly appointed counsel has to comply with the mandates of Rule 651, blah, blah, blah, blah. Then he should move to withdraw his counsel if he finds no meritorious issues. At that point, the circuit court would need to determine whether the record supported the counsel's assertion that the petition was without merit. But then the Shortridge court says, depending on the court's assessment, a defendant could be allowed to proceed pro se, which makes no sense to me. Because if you determine, if the court determines that the petition has no merit and he discharges defense counsel, then the defendant is going to proceed pro se on what? A petition that the court has already ruled has no merit? That doesn't make any sense to me. Well, the state hasn't filed a motion to dismiss. And I think that's the procedural problem. This isn't on the state's motion. The court doesn't have the authority to respond to a dismissed post-conviction petition after 90 days. So in essence, in here the posture is you're saying that you want another hearing on the motion to allow defense counsel to withdraw? That's where it begins, yes. Because there was no notice. No notice, no opportunity to be heard. Mr. Elkin didn't plead his case against counsel. And one thing I would like to point out. Counsel said, well, I spoke to post-sentencing counsel. And he said, this case came up on direct appeal. This court remanded it back to resentencing. The sentence was reduced. There was no 605A admonishments given. There was no motion to reconsider sentence. There was no appeal from that resentencing hearing. In the hearing where counsel saw his motion to withdraw, he asserted that he spoke to sentencing counsel. Sentencing counsel said the defendant didn't want a notice of appeal. But that's specifically contradictory to one of the defendant's claims in his post-conviction petition. He said, I wanted to appeal this. So if Mr. Elkins has the opportunity to be heard, he could speak up and say, you know, I really did want to appeal this. I told him that. This is incorrect. I mean, this is not accurate. And then we could move to an evidentiary hearing on that. So to say that it's just patently without merit just based on counsel's assertions is not sufficient. It doesn't give Mr. Elkins the opportunity to be heard, which is what we're asking for. So an evidentiary hearing on the motion to withdraw. Well, an evidentiary hearing on the specific allegation that Mr. Elkins made that he told counsel that he wanted to appeal the resentence and counsel said he never told me that he wanted to appeal. You could have an evidentiary hearing on that, put them both up on the stand and let the court make a credibility question. But that's typically what's done at the... Yes, Your Honor. And what I'm trying to point out here is Mr. Elkins could have had that opportunity. I don't know if he was going to say that or not. I mean, he would have had the opportunity to contest counsel's motion. That's all we're asking for here. If he's going to step up and say, you know, this is what happened, then the court's going to have to say, well, you know, I don't know if I should allow your motion to withdraw if this is the case. I mean, I should... One minute. Thank you. I should appoint another attorney to represent you to look at this, you know, this problem that we have, and maybe it will go to an evidentiary hearing. Counsel could file an amended petition on that. The state could file a motion to dismiss. We're still at the second stage. And then if it passes that second stage, then you go to an evidentiary hearing. So there's nothing here that the defendant says, if I had been allowed to contest this motion to withdraw, I would have said A, B, or C, which would have caused the judge to deny it. Mr. Elkin did file a motion to reconsider the court's allowing the motion to withdraw and the dismissal of the petition. But he said in that motion, he said he didn't have time to prepare, he was unable to prepare the motion because he didn't have library time, and counsel did not turn over his file. I don't know why, because he would have been pro se at that point as counsel was allowed to withdraw. So we don't know precisely what he was going to say in opposition to counsel's motion to withdraw. Are there further questions or comments? Thank you. Thank you. We thank both of you for your arguments this afternoon. We'll take the case under advisement and issue a written decision as quickly as possible. The court will now stand and briefly assess for a panel change.